# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: CAPATRITI BRAND OLIVE OIL MARKETING
AND SALES PRACTICES LITIGATION**                    MDL No. 2469

## ORDER DENYING TRANSFER

**Before the Panel:**  Pursuant to 28 U.S.C. § 1407, common defendant Kangadis Food Inc. d/b/a The Gourmet Factory (Kangadis) moves to centralize this litigation in the Southern District of New York.  This litigation currently consists of two actions, as listed on Schedule A, pending in two adjacent districts.[1]  The cases in this litigation involve allegations that Kangadis misbranded its Capatriti brand of olive oil as "100% Olive Oil" when, in fact, the product contained an inferior olive-derived product known as olive-pomace oil, which is produced by using petrochemicals and heat to extract oil from waste products (such as pulp, pits, and skins) of the production of olive oil.

Plaintiff in the District of New Jersey action does not oppose the motion.  Plaintiffs in Southern District of New York action oppose centralization.

On the basis of the papers filed and the hearing session held, we conclude that Section 1407 centralization is not appropriate at this time.  The actions here unquestionably involve common factual issues – including nearly identical factual allegations regarding defendant's misbranding of Capatriti olive oil – and contain two similar putative classes that overlap with respect to New Jersey purchasers of Capatriti "100% Pure Olive Oil."  Given the significant progress made in the Southern District of New York action (which is nearing completion of discovery), the small number of involved actions pending in adjacent districts, and the correspondingly limited number of involved counsel and courts, we conclude that centralization would not necessarily serve the convenience of the parties and witnesses or promote the just and efficient conduct of the actions.

Plaintiffs in the Southern District of New York *Ebin* action assert that the plaintiff in the District of New Jersey *Toscano* action is considering voluntarily transferring his action to the Southern District of New York, so the action can proceed with the other related actions.  Alternatives to formal centralization – such as transfer under 28 U.S.C. § 1404 or voluntary cooperation among the few involved counsel and two judges – therefore appear to be workable and, in our judgment, preferable to centralization in these circumstances.  *See In re Gerber Probiotic Prods. Mktg. & Sales Practices Litig.*, 899 F. Supp. 2d  1378 (J.P.M.L. 2012) (denying centralization in favor of Section 1404 transfer).

---

[1]  Defendant's motion originally included a Southern District of New York action (*North American Olive Oil Assn.*), which the parties stipulated to dismiss on July 29, 2013.

-2-

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of the actions listed on Schedule A is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | Paul J. Barbadoro |
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Sarah S. Vance |

**IN RE: CAPATRITI BRAND OLIVE OIL MARKETING
AND SALES PRACTICES LITIGATION**                    MDL No. 2469

## SCHEDULE A

District of New Jersey

Frank Toscano v. Kangadis Food Inc., C.A. No. 3:13-03124

Southern District of New York

Joseph Ebin, et al. v. Kangadis Food Inc., C.A. No. 1:13-02311